## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICARDO SUGGS,**

     **Petitioner,**

**v.**                                **Civil Action No. 2:16cv58**

**JENNIFER SAAD, Warden,**

     **Respondent.**

### MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

COMES NOW Respondent, Jennifer Saad, Warden, by counsel, Erin Carter Tison, Assistant United States Attorney for the Northern District of West Virginia, and hereby responds to the Court's Order to Show Cause issued October 5, 2016, and further moves to dismiss this Petition for Writ of Habeas Corpus or, in the alternative, for Summary Judgment.

### STATEMENT OF THE CASE

Ricardo Suggs ("Petitioner"), Federal Register Number 05414-087, has filed this action alleging generally that the Bureau of Prisons ("BOP") has incorrectly computed his sentence. See ECF No. 6.  He alleges that the BOP incorrectly computed his good time credits and denied him relief on his administrative remedy requests.

Petitioner exhausted administrative remedies regarding his sentence computation prior to the commencement of this action.  See Exhibit A, Declaration of Patricia Kitka, and Attachment 1, Remedy ID No. 814041.  For the reasons stated below, this Petition should be dismissed.

### STATEMENT OF THE FACTS

On March 1, 2006, Petitioner was arrested by local law enforcement officers in Brooke County, West Virginia. See Respondent's Exhibit A, Declaration of Patricia Kitka, and

1

Attachment 2, May 14, 2007 Memorandum for J&C File.  He was charged in the Brooke County Circuit Court, Wellsburg, West Virginia, with Possession with Intent to Deliver; Carrying a Dangerous Weapon; DUI-2nd; Driving While License Suspended for DUI; and Obstructing an Officer. Id.  Petitioner was booked in the Northern Regional Jail, and placed on same day bond. Id.

On March 16, 2006, all charges in the Brooke County Circuit Court resulting from the March 1, 2006, arrest were dismissed.  See id.

On June 6, 2006, Petitioner was indicted in the U.S. District Court for the Northern District of West Virginia, Case No. 06-cr-0027, charging him with being a Felon in Possession of a Firearm on or about March 1, 2006. See Respondent's Ex. 1, Att. 3, Indictment.

On June 8, 2006, Petitioner was arrested by the U.S. Marshals Service in the Northern District of West Virginia.  See id. Att. 4, Arrest Warrant.

On June 8, 2006, Petitioner was released on a Personal Recognizance Bond.  See id. Att. 5, Appearance Bond.

On July 21, 2006, Petitioner was arrested in Steubenville, Ohio, and charged with two counts of Aggravated Burglary, and two counts of Felonious Assault.  See id. Att. 6, Book History Form, Ohio.  Petitioner was placed in custody in the Jefferson County Ohio Jail. Id.  On July 21, 2006, the U.S. District Court for the Northern District of West Virginia issued a Warrant for Arrest in Case No. 06-cr-27, for a pretrial release violation notice.  See id. Att. 7, Warrant for Arrest.

On July 25, 2006, the warrant was executed, Petitioner's bond was revoked and he was returned to federal custody. See id. and Att. 8, USMS Form 129.  The state charges were referred for federal prosecution.  See id. Att. 8, USMS Form 129.

On August 2, 2006, a Superseding Indictment was issued in Case No. 06-cr-27, charging:  Count One, Felon in Possession of a Firearm, Count Two, Tampering with a Witness – Intent to Kill; Count Three, Tampering with a Witness – Use of Force; and Count Four, Tampering with a Witness – Corruptly Persuade.  See id. Att. 9, Superseding Indictment, Criminal No. 5:06CR27, Northern District of West Virginia.

On April 16, 2007, Petitioner was sentenced in the U.S. District Court to a total term of 324-months imprisonment after being found guilty on Counts One, Two and Three of the Superseding Indictment.  See id. Att. 10, Judgment in a Criminal Case, Case No. 5:06CR27.

In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA-1984), and 18 U.S.C. §3585(a), the BOP prepared a sentence computation for the Petitioner, commencing his 324-month sentence on April 16, 2007. See id. Att. 11, SENTRY Public Information Inmate Data.  Petitioner was given prior custody credit for March 1, 2006, June 8, 2006, and from July 21, 2006, through April 15, 2007, for a total of 271 days.  He is projected to earn 1270 days of Good Conduct Time, generating a Good Conduct Time release date of January 25, 2030.  See id. Att. 11 and 12, SENTRY Sentence Monitoring Good Time Data.

**ARGUMENT**

1. *Petitioner is Not Entitled to Any Additional Prior Custody Credit*

Petitioner's sentence is appropriately calculated.  As noted above, Petitioner's federal sentence commenced on April 16, 2007, the day it was imposed.  See Respondent's Exhibit 1,

3

Attachment 11.  The statutory basis for the commencement of a federal sentence is 18 U.S.C. § 3585(a), which provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).

With regard to prior custody credit, Petitioner is not entitled to any additional credit.

Prior custody credit is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).

Under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337, 112 S. Ct. 1351, 1356, 117 L. Ed. 593 (1992). Therefore, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir. 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

Petitioner was arrested by local law enforcement on March 1, 2006, June 8, 2006, and July 21, 2006. See Respondent's Ex. 1, Att. 2, 4, 6.   He has remained in continuous custody since July 21, 2006. See Respondent's Ex. 1.  None of the time in custody was credited to any other sentence; therefore these dates have been applied toward Petitioner's federal sentence. Id.

4

Petitioner does not state how or why his jail credit may be inappropriately calculated, and does not point to evidence of any additional credit he believes is due.  Accordingly, his argument is without merit and the Petition should be dismissed.

   2. *Petitioner's Good Time Credit is Appropriately Calculated*

   BOP Program Statement 5884.03, <u>Good Conduct Time Under the Prison Litigation</u> <u>Reform Act</u>, states that for inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award "54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma."  P.S. 5884.03, p.2; 28 C.F.R. § 523.20.

   Petitioner is a high school graduate and has not committed disciplinary infractions resulting in any disallowance of Good Conduct Time ("GCT").  <u>See</u> Respondent's Ex. 1. Therefore, in compliance with the above, Petitioner is projected to earn a total of 1,270 days of Good Conduct Time resulting in a GCT release on January 25, 2030.  <u>See</u> Respondent's Ex. 1, Att. 12.  Petitioner has earned, and will continue to earn 54 days for each full year in custody (providing there are no institutional violations resulting in a disallowance of GCT).  From June 20, 2029, through January 25, 2029, the time is prorated to 28 days for the partial year he is expected to serve prior to release. <u>See id</u>.  The BOP's method of calculating GCT was upheld in <u>Barber v. Thomas</u>, 560 U.S. 474 (2010).  Petitioner's GCT has been calculated in accordance with statute and his argument is without merit.

   3. *Petitioner's Innocence Claim (Grounds 2 and 3) Should Be Denied*

   In addition to the sentence computation issues noted above, Petitioner raises two challenges

to his conviction and sentence – (1) that his sentence under § 1512 is unconstitutional because it goes beyond the offense's minimum, and (2) that the District Court improperly instructed the jury of the elements of his crime.

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams, 372 F.3d, at 135; see In re Jones, at 332-33. In a §2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams, 372 F.3d, at 135.

As stated, Petitioner's claims 2 and 3 challenge the legality of his federal conviction and sentence as imposed, not the computation of his sentence. Such claims must normally be raised on appeal, or raised by filing a § 2255 motion in the sentencing court. In re Jones, 226 F.3d 328, 332 (4th Cir.2000).   However, Section 2255 is not rendered inadequate or ineffective because of "a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Phillips v. Francis, No. 5:06CV159, 2009 WL 779040 (N.D.W. Va. Mar. 23, 2009) (Stamp, J.), aff'd, 332 Fed.Appx. 103 (4th Cir. 2009) (citing Vial, 115 F.3d at 1194 n. 5).

Moreover, Petitioner's § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under the Fourth Circuit's In re Jones decision. Pursuant to In re

6

Jones, a petitioner in the Fourth Circuit must meet the following criteria in order to establish that

§ 2255 would afford him an inadequate or ineffective remedy:

> [A]t the time of conviction, settled law of this circuit or the Supreme Court
> established the legality of the conviction; (2) subsequent to the prisoner's direct
> appeal and first § 2255 motion, the substantive law changed such that the
> conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the
> new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Even if Petitioner could satisfy the third prong of the Jones test, Petitioner has not,

because he cannot, allege that the conduct for which he was convicted is no longer a crime.

Therefore, Petitioner cannot meet the second prong of Jones, and the Petition should be denied.

## CONCLUSION

For the foregoing reasons, the Petitioner's § 2241 Petition should be dismissed in its

entirety.

Respectfully submitted,

WILLIAM J. IHLENFELD, II
United States Attorney

By:     /s/ Erin Carter Tison
        Assistant United States Attorney
        WV Bar # 12608
        United States Attorney's Office
        P.O. Box 591
        Wheeling, WV 26003
        Telephone:  (304) 234-0100
        Fax: (304) 234-0112
        Erin.Tison@usdoj.gov

7

## CERTIFICATE OF SERVICE

I, Erin Carter Tison, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on November 9, 2016, I electronically filed the foregoing *MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS AND RESPONSE TO ORDER TO SHOW CAUSE* with the Clerk of the Court using the CM/ECF system, and sent the foregoing to the following non-CM/ECF participant via U.S. Mail as follows:

Ricardo M. Suggs, Jr.
Inmate No. 05414-087
FCI-Gilmer
Inmate Mail/Parcels
P.O. Box 6000
Glenville, WV 26351

By:      */s/ Erin Carter Tison*
Assistant United States Attorney
WV Bar # 12608
United States Attorney's Office
P.O. Box 591
Wheeling, WV 26003
Telephone:  (304) 234-0100
Fax: (304) 234-0112
Erin.Tison@usdoj.gov