**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RICARDO SUGGS, JR.,**

     **Petitioner,**

**v.**                                                    **Civil Action No. 2:16cv58**
                                                         **(Judge Bailey)**

**JENNIFER SAAD, Warden,**

     **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On July 8, 2016, the *pro se* Petitioner, an inmate at FCI Gilmer in Glenville, West Virginia, filed a nearly blank form petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. ECF No. 1. Petitioner paid the $5.00 filing fee at the time he filed his complaint. ECF No. 3. By Order entered July 18, 2016, the original petition was stricken from the docket and Petitioner was directed to refile a fully-completed form § 2241 petition within 21 days. ECF No. 4. On August 12, 2016, Petitioner refiled his petition. ECF No. 6.

On October 5, 2016, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted.  Accordingly, a Show Cause was issued to the Respondent. ECF No. 8. On October 12, 2016, the Respondent moved for an extension of time. ECF No. 9.  By Order entered October 19, 2016, the extension was granted.   ECF No. 11. On November 9, 2016, the Respondent filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. ECF No. 13. Because Petitioner was proceeding *pro se,* on November 14, 2016, a Roseboro Notice was issued. ECF No. 15.  Petitioner moved for an extension of time in which to respond on December 5, 2016.  ECF No. 17.  By Order entered the same day,

Petitioner's motion for an extension was granted.  ECF No. 18.  On January 4, 2017, Petitioner filed his response. ECF No. 20.

This case is before the undersigned for review, report and recommendation pursuant to LR PL 2.

## II. <u>Facts</u>

On March 1, 2006 in Brooke County, West Virginia, Petitioner was arrested by local law enforcement and charged in Brooke County Circuit Court, Wellsburg, West Virginia with Possession with Intent to Deliver; Carrying a Dangerous Weapon; DUI-2nd; Driving while License Suspended for DUI; and Obstructing an Officer. Declaration of Patricia Kitka, BOP Correctional Programs Specialist at the Designation and Sentence Computation Center ("Kitka Decl."), ECF No. 14-1, ¶¶ 8 – 9 at 2 – 3.  Petitioner was booked in the Northern Regional Jail, and placed on same day bond.  <u>Id.</u>, ¶ 10 at 3 and May 14, 2007 BOP Memorandum for J&C File ("May 14, 2007 BOP Mem."), <u>Id.</u> at 13.  On March 16, 2006, pursuant to a motion to transfer, all charges in the Brooke County Circuit Court resulting from the March 1, 2006, arrest were dismissed. Kitka Decl., <u>Id.</u>, ¶ 11 at 3 and May 14, 2007 BOP Mem., <u>Id.</u> at 13.

On June 6, 2006, Petitioner was indicted in the U.S. District Court for the Northern District of West Virginia in Case No. 5:06cr27, and charged with being a felon in possession of a firearm on or about March 1, 2006. Kitka Decl., <u>Id.</u>, ¶ 12 at 3 and Indictment, <u>Id</u>. at 14.

On June 8, 2006, Petitioner was arrested by the U.S. Marshals Service in the Northern District of West Virginia. Kitka Decl., <u>Id.</u>, ¶ 13 at 3 and Arrest Warrant, <u>Id.</u> at 15.

On June 8, 2006, Petitioner was released on a personal recognizance bond. Kitka Decl., <u>Id.</u>, ¶ 14 at 3 and Appearance Bond, <u>Id.</u> at 16.

Petitioner's felon in possession charges were set for trial to begin on July 26, 2006. <u>See</u> N.D. W.Va. Case No. 5:06cr27, ECF No. 31.  In the early morning hours of July 21, 2006, one of the government's key witnesses in the case and that witness' mother were shot in their home. Both survived and identified Petitioner as the individual who shot them. Petitioner was arrested in Steubenville, Ohio later that day and charged with two counts of Aggravated Burglary, and two counts of Felonious Assault. Kitka Decl., ECF No. 14-1, ¶ 15 at 3 and Jefferson County Sheriff's Office, Steubenville, Ohio Book History Form, <u>Id.</u> at 19.  He was placed in custody in the Jefferson County, Ohio Jail. <u>Id.</u> at 19. On July 21, 2006, the U.S. District Court for the Northern District of West Virginia issued a warrant for arrest in Case No. 5:06cr27, for a pretrial release violation notice.  Kitka Decl., <u>Id.</u>, ¶ 17 at 3 and Warrant for Arrest, <u>Id.</u> at 22.

On July 25, 2006, the arrest warrant was executed, Petitioner's bond was revoked, and he was returned to federal custody. Kitka Decl., <u>Id.</u>, ¶ 18 at 3 and United States Marshals Service ("USMS") Form 129, <u>Id.</u> at 25. The state charges were referred for federal prosecution. Kitka Decl., <u>Id.</u>, ¶ 19 at 3 and USMS Form 129, <u>Id.</u> at 24.

The July 26, 2006 federal trial in N.D. W.Va. Case No. 5:06cr27 was continued. On August 2, 2006, a superseding indictment was filed, charging Petitioner in Count 1s with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. 922(g)(1) and 924(a)(2); along with three new counts: Count 2s: Tampering with a Witness – Intent to Kill, in violation of 18 U.S.C. § 1512(a)(1)(A); Count 3s, Tampering with a Witness – Use of Force, in violation of 18 U.S.C. § 1512(a)(2)(A); and Count 4s: Tampering with a Witness – Corruptly Persuade, in violation of 18 U.S.C. § 1512(b)(1).  Kitka Decl., <u>Id.</u>, ¶ 20 at 3 and Superseding Indictment, <u>Id.</u> at 27.

On November 2, 2006, through counsel, Petitioner moved to bifurcate Count 1s of the superseding indictment from the later-added counts, requesting separate trials to accomplish his

stated goal of not testifying as to Count 1s while testifying to Counts 2s, 3s, and 4s. The motion to bifurcate was granted.

On November 8, 2006, after a two-day jury trial on only Count 1s, Petitioner was found guilty of being a felon in possession of a firearm. On January 11, 2007, after a three-day jury trial on the remaining counts, petitioner was found guilty of Count 2s, tampering with a witness - intent to kill, and Count 3s, tampering with a witness - use of force. Petitioner was found not guilty of Count 4s, tampering with a witness – corruptly persuade.

On April 16, 2007, Petitioner was sentenced on all three counts in the U.S. District Court to a total term of 324-months imprisonment, the lowest end of the Guideline range, to be followed by a three-year term of supervised release. See Kitka Decl., Id., ¶ 21 at 3 and Judgment in a Criminal Case, Id. at 32.

Petitioner timely appealed.  On February 19, 2008, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed Petitioner's convictions and sentence.  Petitioner's petition for writ of *certiorari* with the United States Supreme Court was denied on May 27, 2008.  (4th Cir. ECF No. 48) (07-4430).

Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 on May 27, 2009, alleging four grounds of ineffective assistance of counsel.  (N.D. W.Va. ECF No. 195)(5:06cr27). By Memorandum Opinion and Order entered March 30, 2011, the undersigned's Report and Recommendation was adopted and the Motion to Vacate was denied and dismissed. Petitioner appealed.  By unpublished *per curiam* opinion entered on September 29, 2011, the Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability and dismissed the appeal.  (4th Cir. ECF No. 6) (11-6673).

In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA-1984), and 18 U.S.C. §3585(a), the BOP prepared a sentence computation for the Petitioner, commencing his 324-month sentence on April 16, 2007. Kitka Decl., ECF No. 14-1, ¶ 22 at 3 and SENTRY Public Information Inmate Data, Id. at 39.  Petitioner was given prior custody credit for March 1, 2006, June 8, 2006, and from July 21, 2006, through April 15, 2007, for a total of 271 days.  Kitka Decl., Id., ¶ 23 at 3.  He is projected to earn 1270 days of Good Conduct Time, generating a Good Conduct Time release date of January 25, 2030. Kitka Decl., Id., ¶ 25 at 4,  Public Information Inmate Data, Id. at 39, and  SENTRY Sentence Monitoring Good Time Data, Id. at 43.

### III. Contentions of the Parties

#### A.  The Petition

Neither Petitioner's original petition nor his refiled petition were filed with a memorandum in support. Nonetheless, Petitioner raises three claims, contending that:

1) the BOP unlawfully computed his sentences by incorrectly calculating his Good Time Credit ("GTC"). ECF No. 6 at 5.

2) Recent [unspecified] United States Supreme Court decisions have left him with an unconstitutional sentence. Id. at 6.

3) The District Court's misconstruction resulted in an amended indictment, leaving him actually innocent.  Id.

Petitioner asserts that he has exhausted his administrative remedies.  Id. at 7.

As relief, Petitioner seeks the granting of a writ of habeas corpus; appointed counsel; reasonable bail; to have his "convictions under § 1512 (Count 2 and 3 in the indictment)" vacated; and to be resentenced under the "correct guidelines." Id. at 8.

#### B.  The Respondent's Motion to Dismiss, or for Summary Judgment

The Respondent contends that the petition should be dismissed or summary judgment granted in its favor because

1) Petitioner is not entitled to any additional prior custody credit [ECF No. 14 at 3];

2: Petitioner's GTC is appropriately calculated [id. at 5]; and

3) Petitioner's claims of innocence should be denied because they challenge the legality of his conviction, not the computation of his sentence, and thus, they are barred in a § 2241 petition and must be raised in a § 2255 motion, because they do not meet the stringent standard mandated by the Fourth Circuit Court of Appeals' decision in In re Jones.[1] Id. at 5 – 7.

Respondent concedes that Petitioner has exhausted his administrative remedies. Id. at 1.

## C. Petitioner's Response

In his response, the Petitioner reiterates his arguments and attempts to refute the Respondent's on the same. He argues that the Respondent has failed to consider the one-year sentence credit that the Second Chance Act would afford him. ECF No. 20 at 2. Further, he insists that he is actually innocent of first degree murder. Id. at 3. For the first time, he cites to Alleyene v. United States[2] in support of his argument on sentence reduction, and denies that his claim in this regard constitutes a "second, successive" § 2255 claim. Id. at 3 – 4. He asserts that § 2255 is an inadequate remedy to address his claims. Id. at 4. Finally, he notes that the Respondent failed to address his argument that his indictment, jury instructions, and sentencing were all flawed, because the sentencing instructions did not match the indictment, in violation of his Fifth Amendment rights under Molina-Martinez v. United States.[3]

## IV. Standard of Review

## A. Motion to Dismiss

---

[1] In re Jones, 226 F.3d 328 (4th Cir. 2000).

[2] Alleyene v. United States, 133 S. Ct. 2151 (2013).

[3] Molina-Martinez v. United States, 136 S. Ct. 1338 (2016).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v.

7

United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

When, as here, a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary

judgment.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986.

## V. Analysis

### A.  Prior Custody Credit, Good Time Credit, and Second Chance Act

Despite Respondent's claim to the contrary, Petitioner's pleadings, even liberally construed, do not appear to argue that he is seeking prior custody credit. Petitioner's claim appears to be that because his GTC was incorrectly "computed," he was "left with a sentence beyond what the District Judge required." ECF No. 6 at 5.

Nonetheless, Respondent argues that Petitioner is not entitled to any additional prior custody credit because his sentence commenced on April 16, 2007, the day it was imposed, and that all time he spent in custody on March 1, 2006, June 8, 2006, and from July 21, 2006 the date his instant federal sentence began, or 271 days total, has already been credited toward his federal sentence. Respondent notes that Petitioner has not explained why his jail credit was inappropriately calculated, nor does he present evidence of any additional credit to which he believes he is entitled.

Further, Respondent argues that Petitioner's GTC has been properly calculated in accordance with BOP Program Statement 5884.03, 28 C.F.R. § 523.20, and Barber v. Thomas, 560 U.S. 474 (2010).  Respondent notes that because Petitioner is a high school graduate who has not committed any institutional violations since being incarcerated, he has earned, and is projected to continue earning, 54 days GTC credit for each full year in custody, and 28 days prorated time for the partial year he is expected to serve prior to release between June 20, 2029 through January 25, 2030, giving him a projected total of 1,270 days of GTC, and a GTC release date of January 25, 2030.  ECF No. 14 at 5.

In response, Petitioner reiterates his claim that his GTC was incorrectly calculated by giving him a January 29, 2030 projected date of release, because allowing for 1,270 days of GTC, his sentence should be 275.4 months instead of 324 months, because at the time of sentencing he already had accrued jail time credit of 8 months and 23 days, or 267 days, for the days of March 1, 2006; June 8, 2006; and July 25, 2006 through April 15, 2007.  ECF No. 20 at 2.

Finally, and for the first time, Petitioner argues that the Respondent's dispositive motion fails to address the potential sentence credit Petitioner would receive under the Second Chance Act of 2007, "which would reduce . . . time served in prison up to one year."  ECF No. 20 at 2.

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded.  See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court is required to hold a *pro se* pleading to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed.

2d 263 (1972). The principles requiring liberal construction of *pro se* pleadings, however, are not without limits. Gordon v. Leeke, 574 F.2d at 1151. Liberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff, because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. Id. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387 (4th Cir. 1990).

The undersigned notes that Petitioner's Second Chance Act claim was raised for the first time in response to Respondent's dispositive motion, which, because it was accompanied by an affidavit, exhibits and other documents to be considered by the Court, must be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. However, claims asserted outside of a plaintiff's complaint and asserted for the first time in response to a summary judgment motion are not properly before the Court and will not be considered. Miller v. Jack, 2007 U.S. Dist. LEXIS 50685, *13, 2007 WL 2050409 (N.D. W.Va. July 12, 2007) (Keeley, I.M.); see also (Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (A plaintiff may not amend his complaint through arguments in his brief in opposition to summary judgment.); Grayson v. O'Neill, 308 F.3d 808, 817 (7th Cir. 2002); Church v. Maryland, 180 F.Supp.2d 708, 732 (D. Md. 2002)(disregarding an allegation raised for the first time in plaintiff's affidavit in opposition to defendants' motion for summary judgment); Marten v. Yellow Freight System, Inc., 993 F.Supp. 822, 829 (D. Kan. 1998)(finding that a claim not raised in the complaint and initially asserted in a response to a summary judgment motion is not properly before the court.).

It is undisputed between the parties that Petitioner is entitled to prior custody credit for all time previously served.  However, Petitioner's calculation of how many days prior custody credit he is entitled to is incorrect because it understates the number of days credit to which he is entitled; his calculation appears to be founded on a mistake in dates. While both parties agree that Petitioner is entitled to one day credit for each of the days served on March 1, 2006 and June 8, 2006, Petitioner then cites July 25, 2006 through April 15, 2007 as the next dates for which he is entitled to prior custody credit.  Respondent contends it is from July 21, 2006 through April 15, 2007.  A careful review of the record indicates that Respondent is correct, because July 21, 2006 was the date Petitioner was first taken into custody by the Jefferson County Sheriff's Office on the July 21, 2006 charges that led to the instant federal witness tampering charges for which he is now convicted.  Petitioner remained in the Jefferson County, Ohio Jail until his federal arrest warrant was executed on July 25, 2006, when he was returned to federal custody. Thus, Petitioner is entitled to 269 additional days for the time period of July 21, 2006 – April 15, 2007, for a total of 271 days, not a total of 267 days, as Petitioner contends.  See Public Information Inmate Data, ECF No. 14-1 at 41.

Nonetheless, because Petitioner appears to have made no claim for additional prior custody credit, such claim will not be addressed here.

**<u>Good Time Credit</u>**

Congress has authorized the BOP to give federal prisoners time off their sentences, i.e., "good time credit," if they comply with prison regulations. The statute authorizing the award of such good time credit, 18 U.S.C. § 3624(b)(1), provides:

**(b)** Credit Toward Service of Sentence for Satisfactory Behavior.

**(1)** Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the

12

> prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence . . .

18 U.S.C. § 3624(b)(1). Based on this statute, the BOP adopted a regulation pertaining to good time credit, which is set forth at 28 C.F.R. § 523.20. The relevant portion of the regulation provides:

> (a) For inmates serving a sentence for offenses committed on or after November 1, 1987, but before September 13, 1994, the Bureau will award 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

28 CFR § 523.20(a).

According to the BOP's formula for calculating a prisoner's release date, a prisoner is awarded 54 days of good time credit at the end of the first full year of his actual imprisonment, assuming he has not lost any good time credit for disciplinary reasons, and the prisoner's projected release date is then moved forward by 54 days. Thereafter, the same calculation is repeated each year on the anniversary of the commencement date of the prisoner's sentence—54 days of good time credit is awarded, and the prisoner's projected release date is advanced accordingly. When the BOP performs its last annual recalculation of a prisoner's release date, i.e., when the prisoner gets to the point where he is less than a full year away from his projected release date, the final projected release date is calculated on a prorated basis as follows: 54 days per year is multiplied by the number of days remaining until the prisoner's then-currently

13

projected release date. Thus, under the BOP's formula, a well-behaved prisoner does not get 54 days of good time credit for each year of his original imposed sentence. Instead, he gets 54 days of good time credit for each full year that he actually serves, plus a proportionate number of days for the final fractional year that he actually serves.

Here, Petitioner was sentenced to a 324 month term of imprisonment on April 16, 2007. He received the afore-mentioned 271 days of prior custody credit. Applying the BOP's calculation formula to Petitioner's situation, assuming continued good behavior, Petitioner will receive 1,270 days of GTC and he is due to be released on January 25, 2030. See Sentence Monitoring Good Time Data, ECF No. 14-1 at 43.

Further, despite Petitioner's claim to the contrary, the 2010 Supreme Court decision Barber v. Thomas expressly held the BOP's method for calculating good time credit under 18 U.S.C. § 3624(b) is a reasonable and lawful reading of the statute. Barber, 560 U.S. at 488 - 89. Accordingly, because Petitioner has failed raise a genuine issue of material fact to show that the BOP incorrectly calculated his GTC, summary judgment for the Respondent on this claim is proper.

**B.  Claims of Actual Innocence of First Degree Murder and Flawed Jury Instructions**

In the petition, filed without a memorandum in support, Petitioner asserts that "recent decisions" by the Supreme Court have left him with an unconstitutional sentence, because after the jury convicted him of a § 1512 offense, the District Judge sentenced him "beyond that" offense's "minimum," permitting him to be sentenced for an offense for which he had not been convicted.  ECF No. 6 at 6. He does not elaborate and he does not identify which United States Supreme Court decisions he contends provide him relief.

Further, Petitioner argues that the District Court's improper instruction to the jury regarding the elements to be proven resulted in an amended indictment and "eased" the Government's burden of proof, permitting him to be convicted of a non-offense when he was actually innocent. Id.

As relief, Petitioner requests that his writ of habeas corpus be granted, he be granted "reasonable bail," and that his "convictions under § 1512 (Count 2 and 3 in the indictment)" be vacated and he be resentenced under the "correct guidelines." Id. at 8.

The Respondent argues that Petitioner's Grounds 2 and 3 claims of innocence should be denied because they challenge the legality of his convictions, not the computation of his sentence, and are thus barred in a § 2241 petition. ECF No. 14 at 5 – 7. Because Petitioner is seeking § 2255 relief, and he does not meet the stringent standard mandated by the Fourth Circuit Court of Appeals' decision in In re Jones, his claims should be dismissed. Id. at 6 – 7.

In response, Petitioner contends that "[t]he facts clearly show that" he is actually innocent of first degree murder. ECF No. 20 at 3. He contends that he received a 324 month sentence "largely because" the district judge and not the jury found he had committed an offense that constituted first degree murder. Id. For the first time, he cites to Alleyene in support of his argument on sentence reduction, denying that this claim constitutes a "second, successive" § 2255 claim, "because that remedy is inadequate to address the current situation." Id. at 4. Finally, he notes that the Respondent has failed to address his argument that his indictment, jury instructions, and sentencing were all flawed, because the sentencing instructions did not match the indictment, in violation of his Fifth Amendment rights under Molina-Martinez v. United States. Id. at 6 – 9.

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the Petitioner herein is seeking to have his convictions vacated and his sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a Petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

As an initial point, the undersigned notes that Petitioner's argument that he was sentenced for first degree murder has no merit. It is clear from Petitioner's underlying criminal record that that Petitioner was not convicted of, nor sentenced for first degree murder. His 18 U.S.C. § 1512(a)(1)(A) conviction was for "tampering with a witness – intent to kill."

16

Further, the undersigned notes that Petitioner's argument that <u>Alleyne</u>[4] supports his claim for sentence reduction was raised for the first time in his response to the Respondent's dispositive motion, thus it will not be considered.   <u>See</u> <u>Miller v. Jack</u>, 2007 U.S. Dist. LEXIS 50685 at *13.

Here, Petitioner is not challenging the execution of his sentence, but instead, is challenging his conviction and the imposition of his sentence. In particular, he is alleging that he was sentenced for first degree murder and is therefore serving an unconstitutional sentence for an offense for which he had not been convicted.

Petitioner makes an attempt to raise the savings clause, arguing that his claim is not a successive § 2255 claim because "that remedy is inadequate to address the current situation." ECF No. 20 at 4. Although he argues that he meets the Fourth Circuit's three-part test for determining the applicability of § 2255 motion, because, *inter alia*, he was not able to bring a successive § 2255, a review of Petitioner's filings in the Fourth Circuit indicate that he has never filed a § 2244 motion for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255.  Petitioner further contends that because <u>Alleyne</u> had not yet been decided when his § 2255 was denied, he could not have raised that argument. <u>Id.</u> Despite Petitioner's arguments to the contrary, it is clear that he is not entitled to the application of the savings clause. In the instant case, even if the Petitioner satisfied the first and the third elements of <u>Jones</u>, violations of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 1512(a)(1)(A) and 1512(a)(2)(A) remain criminal offenses, and therefore the Petitioner cannot satisfy the

---

[4] The undersigned notes that Petitioner previously raised a claim of actual innocence of his 18 U.S.C. § 1512 conviction(s), also arguing <u>Alleyne</u>, in another § 2241 action in this court where he unsuccessfully attempted to have his conviction(s) vacated.  <u>See</u> Case No. 1:14cv21.

second element of <u>Jones</u>. Consequently, the Petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a claim under §2241.

## IV. <u>Recommendation</u>

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment [ECF No. 13] be **GRANTED** and Petitioner's §2241 petition [ECF No. 6]   be **DENIED and DISMISSED with prejudice**.

**Within fourteen (14) days** of being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation ("R&R") to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to transmit a copy of this R&R electronically to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: March 1, 2017

/s/  James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE