IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**RICARDO SUGGS, JR.,**

    Petitioner,

v.                                 **CIVIL ACTION NO. 2:16-CV-58**
                                         **(BAILEY)**

**JENNIFER SAAD, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 21]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on March 1, 2017, wherein he recommends this Court grant the respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment, and deny and dismiss with prejudice the petitioner's § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

1

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on March 3, 2017. [Doc. 22]. Following an extension of time in which to file objections [Doc. 24], the petitioner timely filed his Objection on March 27, 2017. [Doc. 26]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

**I.     BACKGROUND**

On March 1, 2006, the petitioner was arrested by local law enforcement in Brooke County, West Virginia, and charged with Possession with Intent to Deliver, Carrying a Dangerous Weapon, DUI-2nd, Driving while License Suspended for DUI, and Obstructing an Officer. [Doc. 14-1 at 2-3]. On March 16, 2006, pursuant to a motion to transfer, all charges in the Brooke County Circuit Court resulting from the March 1, 2006, arrest were dismissed. [*Id.* at 3, 13]. On June 6, 2006, the petitioner was indicted in the United States District Court for the Northern District of West Virginia and charged with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [*Id.* at 14]. The petitioner was released on a personal recognizance bond on June 8, 2006. [*Id.* at 16].

The petitioner's felon in possession charges were set for trial to begin on July 26, 2006. [Crim. Doc. 31].[1] Early on July 21, 2006, one of the Government's key witnesses in the case and that witness' mother were shot in their home, both of whom survived and

---

[1] The Criminal Docket numbers herein refer to docket entries in Case No. 5:06-CR-27.

identified the petitioner as the individual who shot them.  The petitioner was arrested in Steubenville, Ohio later that day and charged with two counts of Aggravated Burglary and two counts of Felonious Assault.  [Doc. 14-1 at 3, 19].  He was placed in custody in the Jefferson County, Ohio jail.  [*Id.* at 19].  Also on July 21, 2006, the United States District Court for the Northern District of West Virginia issued a warrant for the petitioner's arrest in Case No. 5:06-CR-27 for a pretrial release violation notice.  [Crim. Doc. 47].  Following execution of the arrest warrant, the petitioner's bond was revoked, he was returned to federal custody, and the state charges were referred for federal prosecution.  [Doc. 14-1 at 3].

The petitioner's federal trial was continued, and on August 2, 2006, a Superseding Indictment was filed, charging the petitioner with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Tampering with a Witness - Intent to Kill, in violation of 18 U.S.C. § 1512(a)(1)(A); Tampering with a Witness - Use of Force, in violation of 18 U.S.C. § 1512(a)(2)(A); and Tampering with a Witness - Corruptly Persuade, in violation of 18 U.S.C. § 1512(b)(1).  [Crim. Doc. 68].  On November 2, 2006, the petitioner moved to bifurcate Count One, Felon in Possession of a Firearm, from the later-added counts, requesting separate trials to accomplish his stated goal of not testifying as to Count One while testifying as to the other counts.  The motion to bifurcate was granted. [Crim. Doc. 107].

On November 8, 2006, after a two-day jury trial as to Count One, the petitioner was found guilty of being a felon in possession of a firearm.  [Crim. Doc. 115].  On January 11, 2007, after a three-day jury trial on the remaining counts, the petitioner was found guilty of Tampering with a Witness - Intent to Kill (Count Two) and Use of Force (Count Three), but

not of Tampering with a Witness - Corruptly Persuade (Count Four). [Crim. Doc. 150]. On April 16, 2007, the petitioner was sentenced on all three counts to a total term of 324-months' imprisonment, which was the lowest end of the Guideline range, to be followed by a three-year term of supervised release. [Crim. Doc. 169].

The petitioner timely appealed. On February 19, 2008, by unpublished *per curiam* opinion, the United States Court of Appeals for the Fourth Circuit affirmed the petitioner's convictions and sentence. [Crim. Doc. 186].

The petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 on May 27, 2009, alleging four grounds of ineffective assistance of counsel. [Crim. Doc. 195]. By Memorandum Opinion and Order entered March 30, 2011, Magistrate Judge David J. Joel's Report and Recommendation was adopted, and the petitioner's § 2255 motion was denied and dismissed. [Crim. Doc. 226]. The petitioner appealed, and the Fourth Circuit dismissed the appeal and denied the petitioner a certificate of appealability by unpublished *per curiam* opinion. [Crim. Doc. 236].

In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA-1984), and 18 U.S.C. § 3585(a), the Bureau of Prisons prepared a sentence computation for the petitioner, commencing his 324-month sentence on April 16, 2007. [Doc. 14-1 at 3]. The petitioner was given prior custody credit for March 2, 2006, June 8, 2006, and from July 21, 2006, through April 15, 2007, for a total of 271 days. [*Id.*]. He is projected to earn 1270 days of Good Conduct Time, generating a Good Conduct Time release date of January 25, 2030. [*Id.* at 4].

### A. Petitioner's § 2241 Motion

On August 12, 2016, the petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 on the correct form. [Doc. 6]. Therein, the petitioner raises three claims:

> (1) the Federal Bureau of Prisons unlawfully computed his sentence by incorrectly computing his good time credits and denying him relief after he went through the administrative procedures;
>
> (2) "recent decisions" by the Supreme Court of the United States have left him with an unconstitutional sentence, specifically because the district judge sentenced the petitioner beyond that offense's "minimum;"
>
> (3) the district court's misconstruction, which involved easing the Government's burden of proof, resulted in an amended indictment, leaving the petitioner "actually innocent."

[*Id*. at 5-6]. The petition also states that the petitioner exhausted his administrative remedies. [*Id*. at 7]. As relief, the petitioner requests that this Court grant a writ of habeas corpus, appoint counsel, grant reasonable bail, vacate the convictions "under § 1512 (Count 2 and 3 in the indictment)," and resentence under the "correct guidelines." [*Id*. at 8]. The petitioner did not file a supporting memorandum of law with either his initial, stricken petition or his pending petition on the correct form.

**B.     Respondent's Motion to Dismiss, or for Summary Judgment**

The respondent contends that the petition should be dismissed for three reasons. [Doc. 14]. First, the petitioner is not entitled to any additional prior custody credit beyond the projected 1270 days, pursuant to 18 U.S.C. § 3585, nor has the petitioner stated how or why he is entitled to any additional credit. [*Id*. at 3-5]. Second, the petitioner's good time credit was appropriately calculated in accordance with BOP Program Statement 5884.03, Good Conduct Time Under the Prison Litigation Reform Act, and **Barber v. Thomas**, 560 U.S. 474 (2010). [*Id*. at 5]. Third, the petitioner's innocence claims regarding Counts Two

5

and Three should be denied because they challenge the legality of his conviction rather than the computation of his sentence and thus are more appropriate for a § 2255 motion, and because the petitioner cannot satisfy the standard articulated by *In re Jones*, 226 F.3d 328 (4th Cir. 2000). [*Id.* at 5-7].

### C. Petitioner's Response

In his response, the petitioner reiterates his arguments and attempts to refute the respondent's responses to the same. [Doc. 20]. He asserts that the respondent failed to consider both the one-year sentence credit that the Second Chance Act would afford him and that he was "wrongfully sentenced to first-degree murder although the jury did not find him guilty of that charge," citing to *Alleyene v. United States*, 133 S.Ct. 2151 (2013), in support of his contention that § 2241 is the only remedy available to him to contest the length of his sentence. [*Id.* at 2-6]. He also avers that the respondent failed to respond to his argument that the Indictment, jury instructions, and sentencing were flawed because the sentencing instructions did not match the Indictment, in violation of his Fifth Amendment rights under *Molina-Martinez v. United States*, 136 S.Ct. 1338 (2016), reasserting his position that an incorrect guideline range was applied at sentencing. [*Id.* at 6-9].

## II. DISCUSSION

### A. Magistrate Judge Seibert's R&R

The magistrate judge's R&R recommends that the petitioner's petition be denied and dismissed with prejudice. [Doc. 21]. He first notes that the petitioner appears to be claiming that his good time credit was incorrectly computed, leaving him with a sentence

6

beyond what the district judge required, rather than claiming prior custody credit. [*Id.* at 9]. After reiterating the parties' arguments regarding credit and indicating the liberal, less stringent standard by which the district court should construe *pro se* petitions, Magistrate Judge Seibert states that, because the petitioner's Second Chance Act claim was asserted outside of the complaint and for the first time in response to a summary judgment motion, it is not properly before the Court and will not be considered. [*Id.* at 9-11]. He then notes that the petitioner's calculation of how many days of prior custody credit to which he is entitled is incorrect because it understates the number of days credit to which he is entitled, but nonetheless, the petitioner made no claim for additional prior custody credit, and no such claim will be addressed. [*Id.* at 12]. With regard to good time credit, Magistrate Judge Seibert explains the BOP's method for calculating a prisoner's release date with regard to good time credit, then finds the January 25, 2030, release date to be correct. [*Id.* at 12-14].

Magistrate Judge Seibert then addresses the petitioner's claims of actual innocence of first degree murder and flawed jury instructions. He asserts that the petitioner is, in fact, seeking § 2255 relief, rather than § 2241 relief, because he is seeking to have his convictions vacated and his sentenced modified, and although a petitioner may file a § 2241 petition if he can demonstrate that § 2255 is an inadequate or ineffective remedy pursuant to **Jones**, the petitioner has not demonstrated that he is entitled to application of the savings clause because he cannot satisfy the second element of **Jones** because his convictions remain criminal offenses. [*Id.* at 16-18].

### B. Petitioner's Objection

The petitioner's objection first asserts that the mention of his "nearly blank" § 2241

petition, which lacked an accompanying memorandum, in the R&R is incorrect because he filed a form that was not blank and that "incorporated by reference detailed information regarding his claim and supporting law in a memorandum included with that first form." [Doc. 26 at 1-2]. He states that he submitted a memorandum with his court-approved § 2241 petition but it was never docketed, and includes an alleged copy [Doc. 27] with his objection, highlighting that the proof of service indicates that it was mailed on June 15, 2016, and requesting that it be considered in this Court's deliberations. [*Id.* at 2].

Then delving back into the substance of his arguments, the petitioner avers that Magistrate Judge Seibert's computation of his remaining sentence is not supported by the **Barber** decision and continues to be inaccurate. [*Id.* at 3]. He asserts his calculation of his remaining sentence and restates that the calculation does not include potential Second Chance Act time. [*Id.*]. The petitioner claims that **Barber v. Thomas**, 560 U.S. 474 (2010), does not address the same claims that he raises because he "only challenges the BOP's unsupported and arbitrary designation of Petitioner's entitlement only to six months of halfway house prior to the time when the BOP normally reviews soon-to-be-released prisoners for halfway house placement," arguing that no rationale has been articulated for the denial of "his argument that he is entitled to have his sentence calculation reflect the one-year date, subject to further review later in his period of confinement." [*Id.* at 3-4]. He then reiterates that he is actually innocent of "first-degree attempted murder," an argument which heretofore claimed actual innocence of first degree murder, and explains why he believes **Alleyne** applies in this case and enables his pending petition. [*Id.* at 4-5]. He restates his argument regarding inconsistency between the Indictment and jury instructions,

8

also again taking issue with certain aspects of the testimony at trial, which the petitioner cites to argue that he was not found guilty of first degree murder and thus that a Sentencing Guideline level finding of 33 was inappropriate. [*Id.* at 6-7].

The petitioner then again insists that **Alleyne** enables his petition before asserting that neither the Government nor Magistrate Judge Seibert responded to his argument based upon "Molina v. Martinez." [*Id.* at 7-9]. He argues that there were discrepancies between Count Two of the original Indictment and Counts Two and Three of the Superseding Indictment, and that the "corresponding jury instructions were approved by the sentencing court." [*Id.* at 8]. The petitioner states that "the district court's modified language of the Superseding Indictment when it fashion[ed] the instructions for submission to the Jury" constituted a "'constructive amendment,' which is not permitted in the Fourth Circuit" and resulted in a violation of the petitioner's Fifth Amendment right to be tried on an indictment returned by a grand jury. [*Id.* at 8-9]. The petitioner claims this to be in violation of **Molina-Martinez**, a case in which "a federal district judge committed error when it utilized the incorrect guideline even though the defendant's 'ultimate sentence (fell) within what would have been the correct Guidelines range . . . .'." [*Id.* at 9].

As an initial matter, the petitioner's claim that his § 2241 petition "incorporated by reference detailed information regarding his claim and supporting law in a memorandum included with that first form" is without merit. Review of the petition indicates that, while it does include some limited details, it in no way references any additional memorandum of law nor indicates that one was drafted or intended to be included. The petitioner's contention that "the clerk has apparently not docketed his Memorandum" is similarly without

merit. From the initiation of this case, the docket has reflected that no memorandum was filed with either the initial, stricken § 2241 petition or the corrected § 2241 petition filed on the proper, court-approved form. Moreover, the petitioner's letter to the Clerk of Court [Doc. 7], sent over a month after his proper petition was filed, in no way indicated that he had attempted to submit a memorandum of law that was somehow either lost or simply not docketed. Furthermore, the petitioner's response to the respondent's motion to dismiss or for summary judgment [Doc. 20] makes no mention of any memorandum that may have existed or should have been filed. Indeed, the first time that the petitioner asserts that a memorandum should have been but was not filed was after the magistrate judge mentioned the lack of a memorandum in the R&R. Thus, the petitioner's argument appears to be an attempt to undermine the magistrate judge's statement that, because the petitioner's response to the respondent's dispositive motion was the first time the petitioner raised an **Alleyne** argument and an argument regarding the Second Chance Act, those arguments will not be considered. As such, the petitioner's request that the memorandum filed with his objection be included in this Court's deliberations because the petitioner "has no explanation of why the clerk has apparently not docketed his Memorandum" is unpersuasive. The petitioner had a significant period of time to ensure that the memorandum was filed yet failed to do so. This Court cannot presume a good faith effort to file a memorandum by the petitioner where no good faith appeared to exist.

Much of the petitioner's objection is copied verbatim from his arguments articulated in his response to the respondent's dispositive motion [Doc. 20]. There are very limited instances in the objection in which the petitioner is actually objecting to the magistrate judge, rather than simply repeating his arguments. As such, this Court will address those

portions of the magistrate judge's report to which the petitioner appears to specifically object.

With regard to the petitioner's arguments regarding sentence calculation, his biggest issue seems to be that the full potential credit pursuant to the Second Chance Act was not taken into consideration in calculating his release date. His stated concern with **Barber** reflects a misunderstanding of the Supreme Court's holding. Although the issues raised by the petitioner differ slightly from those specifically raised in that case, the Supreme Court found that the BOP's method for calculating good time credit under 18 U.S.C. § 3624(b), as was applied here, is a reasonable and lawful reading of the statute. **Barber**, 560 U.S. at 488-89. Moreover, as noted by the magistrate judge, the petitioner's claim regarding six months versus one year of halfway house time pursuant to the Second Chance Act was raised for the first time in response to the respondent's dispositive motion and thus should not be considered. [Doc. 21 at 11]. It is additionally worth noting that the Second Chance Act does not require that an inmate receive a full twelve months of halfway house placement, only that an inmate be considered for placement up to twelve months to the extent practicable, and the BOP is to continually individually assess inmates regarding the appropriateness and length of pre-release placements. Public Law No. 110-199, 122 Stat. 657 (2008).[2] Upon careful review, this Court finds that Magistrate Judge Seibert's R&R properly calculated the petitioner's projected release date and adopts the same.

As to the petitioner's argument regarding sentence reduction due to actual

---

[2] *See also* Memorandum for Regional Directors, Wardens, Residential Reentry Managers: *Guidance for Home Confinement and Residential Reentry Center Placements*, United States Department of Justice, Federal Bureau of Prisons, issued May 24, 2013. Available at https://www.bop.gov/foia/rrc_hc_guidance_memo.pdf.

innocence, he claims that he is entitled to use the savings clause of § 2255 in order to raise the issues he does, and that § 2241 is the only remedy available to his to contest the length of his sentence based upon *Alleyne*. This claim is without merit. As an initial matter, the magistrate judge correctly stated that the petitioner's response to the respondent's dispositive motion was the first time that the petitioner cited to *Alleyne* in support of his ability to file the instant petition and thus should not be considered pursuant to *Miller v. Jack*, 2007 WL 2050409 (N.D. W.Va. 2007). Nonetheless, despite that it was improperly raised for the first time in response to a dispositive motion, this Court will review the petitioner's claim.

As properly articulated by the magistrate judge, a motion filed under § 2241, such as the petitioner's, must pertain to an inmate's commitment or detention, not to the imposition of a sentence. However, despite that a § 2255 motion is the proper means by which to challenge a conviction or the imposition of a sentence, as the petitioner attempts to do here, a petitioner is entitled to file a § 2241 petition if he can demonstrate that § 2255 is an inadequate or ineffective remedy. According to the Fourth Circuit, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

In the instant matter, the petitioner was convicted of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Tampering with a Witness - Intent to Kill, in violation of 18 U.S.C. § 1512(a)(1)(A); Tampering with a Witness - Use of Force, in violation of 18 U.S.C. § 1512(a)(2)(A). He was not convicted of nor sentenced as being convicted of first degree murder (or even attempted first degree murder). Even if the petitioner could satisfy the first and third **Jones** elements, those violations of which he was convicted remain criminal offenses, and the petitioner cannot satisfy the second **Jones** element.

To address the petitioner's reliance on **Alleyne**, his assertion that § 2241 is the only remedy available to him to contest the length of his sentence under **Alleyne**, which he argues should be applied in this situation because "his current filing does not constitute a 'second, successive' 2255 petition, because that remedy is inadequate to address the current situation," is similarly ineffective. The Supreme Court in **Alleyne** held that, because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. **Alleyne v. United States**, 133 S.Ct. 2151, 2155 (2013). The allegedly unsubmitted "element" that the petitioner relies on is connected with the petitioner's erroneous assertion that he was sentenced as though he was convicted of first degree murder ("It [is] also uncontroverted that according to that Sentencing Guideline, an offense level of 33 can only be found appropriate, 'if the object of the offense would have constituted first degree murder.' Additionally, in this case, the jury did not specifically find Petitioner guilty of first-degree murder, because that element was never included in the indictment." [Doc. 26 at 6-7].).

First degree murder was not involved in the petitioner's case. The Superseding Indictment charged the petitioner with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Tampering with a Witness - Intent to Kill, in violation of 18 U.S.C. § 1512(a)(1)(A); Tampering with a Witness - Use of Force, in violation of 18 U.S.C. § 1512(a)(2)(A); and Tampering with a Witness - Corruptly Persuade, in violation of 18 U.S.C. § 1512(b)(1). [Crim. Doc. 68]. Following two trials, the petitioner was convicted of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Tampering with a Witness - Intent to Kill, in violation of 18 U.S.C. § 1512(a)(1)(A); Tampering with a Witness - Use of Force, in violation of 18 U.S.C. § 1512(a)(2)(A). [Crim. Docs. 115; 150]. At sentencing, the district court found a total offense level of 37, based on a base offense level of 33 and a four-level increase for serious bodily injury and obstruction of justice, and a criminal history category of V, based upon ten criminal history points. Thus, the Guidelines called for incarceration of 324 to 405 months, with a maximum imposable sentence of 10 years as to Count One, and 20 years as to Counts Two and Three. The petitioner was given a total sentence of 324 months.

The language to which the petitioner cites was used at his sentencing hearing, where his counsel objected to a portion of the presentence investigation report regarding an offense level of 33 because, according to the argument, the jury found "just an attempt to kill and since there wasn't a specific finding of premeditation, the offense level would be 27" rather than 33. The district court overruled this objection, stating that it was not necessary that the Indictment in this case allege premeditation or allege any element of first degree murder; it only needed to allege the elements of the crime charged–Tampering with a Witness - Intent to Kill–and there was no reason to indicate that those elements were not

14

alleged. The district court cited to *United States v. Green*, 436 F.3d 449 (4th Cir. 2006), and *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006), in support of its finding that, according to *United States v. Booker*, 543 U.S. 220 (2005), as long as the facts determined by the judge at sentencing do not cause the statutory maximum to be exceeded, judicial factfinding as to the applicability of sentencing enhancements does not violate the Sixth Amendment. It also found that the evidence at trial indicated that the petitioner's actions were, in fact, premeditated. Thus, the district court found that an offense level of 33 was appropriate. The petitioner was then sentenced within a guideline range established with an offense level of 33.

On appeal, the Fourth Circuit considered this very issue. It first found that sufficient evidence existed to support each of the petitioner's convictions, and even indicated that it agreed regarding premeditation based on its finding that "[the petitioner] informed [a witness] that he would have to 'murk' [a victim] to prevent his testimony. 'Murk' is slang for 'murder.' [The petitioner] asked [the witness] whether he had a gun, and when [the witness] replied that he did, [the petitioner] asked to purchase it." [Crim. Doc. 186 at 6]. It then reviewed the petitioner's sentence to determine if it was within the statutorily prescribed range and reasonable, which it found in the affirmative, finding no abuse of discretion nor significant procedural errors and that the sentencing court correctly calculated the advisory guidelines within which the petitioner's sentence fell. [*Id*. at 9-10].

Moreover, as has been previously stated by this Court, as well as a multitude of other courts, *Alleyne* is not retroactively applicable to cases on collateral review because

it is a mere extension of *Apprendi*,[3] and the Supreme Court has decided that other rules based on *Apprendi* do not apply retroactively on collateral review, thus implying that *Alleyne* should not be applied retroactively. *See, e.g., Billups v. Deboo*, 2014 WL 4102479, at *2 (N.D. W.Va. 2014) (noting that "the Fourth Circuit has not made *Alleyne* retroactively applicable to cases on collateral review"); *Hooker v. United States*, 2015 WL 366435, at *2 (N.D. W.Va. 2015) ("According to the United States Court of Appeals for the Second, Third, Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits, *Alleyne* has not been made retroactively applicable to cases on collateral review."); *United States v. Stewart*, 540 Fed. Appx. 171, n* (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015) (noting that "*Alleyne* does not apply retroactively. This decision accords with that of every circuit to have examined the issue, none of which has decided that *Alleyne* is retroactive.").

Finally, as to the petitioner's concern with language discrepancies pursuant to *Molina-Martinez*, the petitioner again fails to make a persuasive argument. The Supreme Court in *Molina-Martinez* found that, where there is an unpreserved error in calculating a guideline range, but the defendant was sentenced within the correct range, a defendant is not required to provide additional evidence to show the error affected his substantial rights. *Molina-Martinez*, 136 S.Ct. at 1345. Contrary to the petitioner's assertion, there is no indication that *Molina-Martinez* applies retroactively. *See, e.g., Ramirez v. United States*, 2017 WL 44853, at *4 (S.D. N.Y. 2017); *United States v. Pace*, 2016 WL 7665651 (W.D.

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Okla. 2016); **United States v. Hoyt**, 2016 WL 3884707, at *2 (W.D. Va. 2016); **Tidwell v. Krueger**, 2016 WL 6537544 (C.D. Ill. 2016).

Furthermore, the Court has already addressed the petitioner's arguments regarding an impermissible constructive amendment to the Indictment made via the jury instructions in its Order that denied and dismissed with prejudice the petitioner's initial § 2255 petition. [Crim. Doc. 226]. The Court found that, at trial, the district court erroneously included the word "intimidated" in the jury instructions when it was not part of the wording of the statute defining the offense stated in Count Three, and this inclusion resulted in a constructive amendment to the Indictment. [*Id.* at 11-13]. However, the Court ultimately found that this error occasioned by the constructive amendment did not seriously affect the fairness, integrity, or public reputation of judicial proceedings, as required by the fourth prong of the **Brewer**[4] test for plain error. [*Id.* at 13]. The Court also denied the petitioner a certificate of appealability on this matter [*Id.* at 15], which was also denied by the Fourth Circuit [Crim. Doc. 235].

The petitioner's other alleged discrepancy is between the Superseding Indictment and the jury instruction regarding Count Two. The only difference in the language of the two is the jury instruction's addition of the word "knowingly." However, this does not amount to a constructive amendment because it did not "broaden the possible bases for conviction beyond those presented by the grand jury," pursuant to the Fourth Circuit's guidance in **United States v. Floresca**, 38 F.3d 706, 710 (4th Cir. 1994), particularly because it created a more narrow finding for the jury to consider and a more stringent

---

[4]**United States v. Brewer**, 1 F.3d 1430, 1434-35 (4th Cir. 1993).

burden on the Government.  Accordingly, the petitioner's *Molina-Martinez* argument is unpersuasive.

For all the foregoing reasons, the petitioner's objection is hereby **OVERRULED**.

## III. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the Report and Recommendation **[Doc. 21]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, this Court **ORDERS** that the respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment **[Doc. 13]** be **GRANTED** and the petitioner's § 2241 petition **[Doc. 6]** be **DENIED** and **DISMISSED WITH PREJUDICE**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from this active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: May 9, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE